**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| PHILLIP J. CUMMINGS, | Case No. 3:25-CV-00675-MMD-CSD |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO UNSEAL SETTLEMENT CONFERENCE** |
| v. | |
| WELLS FARGO BANK, N.A., | [ECF No. 71] |
| Defendant. | |

Before the Court is Plaintiff Phillip J. Cummings's ("Cummings") motion to unseal the audio or transcript of the settlement conference held in this case on April 15, 2026. (ECF No. 71.) Cummings specifies that he seeks access to the audio recording or transcript of the on the record portion of the settlement conference for access himself so that he "can ensure that any subsequent submissions or actions in this matter accurately reflect the on-the-record proceedings." (*Id.* at 4.) Cummings specifically states that he does not seek to unseal the recording or transcript for access by third parties. (*Id.*)

Defendant Wells Fargo Bank, N.A. ("Wells Fargo") responded, noting two narrow requests. (ECF No. 72.) First, Wells Fargo asks that if the motion is granted, that the recording or transcript be made available to both parties, not just to Cummings himself. (*Id.* at 2.) Wells Fargo next requests that if the Court grants the motion, the Court "specifically forbid *any* use of the transcript other than Plaintiff's stated purpose of ensuring future submissions to this Court in this matter conform to that record." (*Id.* (emphasis original).)

Cummings replied, stating no opposition to Wells Fargo's first request but objecting to the second request. (ECF No. 73.) Cummings argues that Wells Fargo's request to forbid the use of the transcript for any reason other than to ensure submissions or actions in this matter accurately reflect the record is "unsupported by authority and unnecessary given the Federal Rules already in force." (*Id.* at 2.) Cummings then states

that "[t]he descriptive language in Plaintiff's underlying Motion identifies one anticipated use; it does not function as a binding limitation on other lawful uses." (*Id.* at 2-3.)

Cummings's motion to unseal is granted subject to the following restrictions. First, the audio recording of the settlement conference on April 15, 2026, will not be provided to either party. The parties may order, and pay for, a transcript to be prepared based on the audio recording. The Court will order the Clerk provide Cummings with a copy of the transcript order form. Next, the Court agrees that the transcript of the settlement conference shall be provided to both parties.

Finally, the Court will address the scope of this order. In the motion itself, Cummings specifies that he seeks access to the transcript so that he can have a record of the settlement to ensure future submissions in this matter accurately reflect the agreement. (ECF No. 71 at 4.) Then, in reply, Cummings seems to backtrack that statement and indicate that he may intend to use the transcript for another purpose. (ECF No. 73.) Cummings argues that Wells Fargo failed to provide authority to support the request to limit the use of the transcript to ensure future filings in this case accurately reflect the agreement. However, it is Cummings himself who has failed to articulate good cause to unseal the transcript for any reason *other* than the one included in his motion. His motion *explicitly* states that he seeks the settlement conference remain sealed "as to all other persons and purposes" and he does not include argument as to why unsealing the settlement conference for any other purpose. (ECF No. 71 at 3.) Thus, the Court finds there is good cause to unseal the settlement conference transcript only for use by the parties for the purpose of ensuring accurate submissions in this case.

**IT IS THEREFORE ORDERED** that Cummings's motion to unseal the settlement conference, (ECF No. 71), is **GRANTED** for the limited purpose stated above.

**IT IS FURTHER ORDERED** that the Clerk shall **SEND** Cummings a transcript order form.

**DATED**: May 15, 2026.

**UNITED STATES MAGISTRATE JUDGE**

2