**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PHILLIP J. CUMMINGS,

Plaintiff

v.

WELLS FARGO BANK N.A., as Trustee of the Anne E. Mitchell Family Trust,

Defendant

Case No.: 3:25-cv-00675-MMD-CSD

**Order**

Re: ECF No. 82

Plaintiff, who is proceeding pro se in this action, has filed a motion for appointment of counsel or referral to the court's pro bono program. (ECF No. 82.)

Preliminarily, referral to the pro bono program is not appropriate. The District of Nevada's Pro Bono Program allows a court to refer matters to the program where the court exercises its discretion to provide representation to a pro se litigant under 42 U.S.C. § 2000e and 28 U.S.C. § 1915. Plaintiff is not pursuing a claim under 42 U.S.C. § 2000e, Title VII. In addition, 28 U.S.C. § 1915(e) allows the court to request an attorney to represent a person unable to afford counsel. 28 U.S.C. § 1915 applies to persons who have been granted *in forma pauperis* status. Plaintiff has not been granted *in forma pauperis* status in this action.

Even if 28 U.S.C. § 1915 applied to Plaintiff, "a person [generally] has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). 28 U.S.C. § 1915(e)(1), however, does allow the court to "request an attorney to represent any person unable to afford counsel." That being said, the appointment of counsel in a civil case is within the court's discretion and is only allowed in "exceptional cases." *See Palmer*, 560 F.3d at 970 (citations omitted); *see also*

*Harrington v. Scribner,* 785 F.3d 1299, 1309 (9th Cir. 2015). In "determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Cano v. Taylor,* 739 F.3d 1213, 1218 (9th Cir. 2015). "Neither of these considerations is dispositive and instead must be viewed together." *Id*. (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991) (citation omitted).

While Plaintiff, and every plaintiff, would most certainly benefit from the appointment of counsel, that is not the applicable standard. Plaintiff has not demonstrated a likelihood of success on the merits, and while Judge Baldwin may have commented that everyone would benefit from Plaintiff having counsel in this case, she did not make a finding that Plaintiff was unable to articulate his claims or that the claims were unduly complex. Nor does the court make such a finding now.

As Plaintiff has not demonstrated exceptional circumstances exist that justify the appointment of counsel, Plaintiff's motion for the appointment of counsel or referral to the pro bono program (ECF No. 82) is **DENIED**.

**IT IS SO ORDERED**.

Dated: September 10, 2026

Craig S. Denney
United States Magistrate Judge